UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRANDON GRIFFITH,<br><br>                              Plaintiff,<br><br>        -against-<br><br>CLARKSTOWN POLICE DEPT.; P.O.<br>PAPENMAYER, Badge #508; AMKC RIKERS<br>ISLAND; DEPUTY WARDEN FOO; HARTS<br>ISLAND; DR. JANE DOE; JOHN DOE, SGT.,<br><br>                              Defendants. | **ORDER OF SERVICE**<br><br>20-CV-6505 (PMH) |

PHILIP M. HALPERN, United States District Judge:

Plaintiff Brandon Griffith ("Plaintiff"), who appears *pro se*, is currently serving a term of parole supervision. He filed the complaint commencing this action while he was incarcerated in the Auburn Correctional Facility. He sues: (1) the Clarkstown Police Department ("CPD"); (2) CPD Police Officer Papenmeyer; (3) unidentified CPD Police Sergeant "John Doe;"[1] (4) "AMKC Rikers Island;"[2] (5) "Harts Island;" (6) AMKC Deputy Warden Foo; and (7) unidentified AMKC physician "Dr. Jane Doe." He asserts claims under 42 U.S.C. § 1983 and seeks damages. (Doc. 2). By Order dated December 21, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). (Doc. 7).

For the reasons discussed below, the Court dismisses Plaintiff's claims against the CPD and his claims against Papenmeyer and Sgt. John Doe in their official capacities. The Court directs the Clerk of Court to add the Town of Clarkstown ("TOC") as a defendant, and directs service on

---

[1] Plaintiff specifies that he sues Papenmeyer and Sgt. John Doe in their individual and official capacities.

[2] "AMKC" is a reference to the Anna M. Kross Center on Rikers Island.

Papenmeyer and the TOC. The Court also directs the TOC Town Attorney to provide to Plaintiff and the Court the identity, badge number, and service address for Sgt. John Doe.[3]

## STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA") requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity.[4] *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

---

[3] The Court will address Plaintiff's claims against the remaining defendants in a separate Order.

[4] For the purposes of the PLRA, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or [a] diversionary program." 28 U.S.C. § 1915(h). Because Plaintiff filed his complaint while he was incarcerated, he is considered a prisoner under the PLRA. *See Gibson v. City Municipality of New York*, 692 F.3d 198, 201 (2d Cir. 2012) ("[T]he relevant time at which a person must be 'a prisoner' within the meaning of the PLRA in order for the [PLRA's] restrictions to apply is 'the moment the plaintiff files his complaint.'") (citation omitted).

The Supreme Court of the United States has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.* at 679.

## DISCUSSION

### A.   Claims against the Clarkstown Police Department and against Papenmeyer and Sgt. John Doe in their official capacities

The Court must dismiss Plaintiff's claims against the CPD as well as his claims against Papenmeyer and Sgt. John Doe in their official capacities as members of the CPD. Municipal agencies or departments, like the CPD, do not have the capacity to be sued under New York law. *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village."). And "[t]here is no longer a need to bring official-capacity actions against local government officials [because] local government units can be sued directly for damages and injunctive or declaratory relief."

3

*Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985); *see also Coon v. Town of Springfield, Vt.*, 404 F.3d 683, 687 (2d Cir. 2005) ("[A] § 1983 suit against a municipal officer in his official capacity is treated as an action against the municipality itself."). The Court therefore dismisses Plaintiff's claims against the CPD and his claims against Papenmeyer and Sgt. John Doe in their official capacities for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(ii).

In light of Plaintiff's *pro se* status and clear intention to assert claims against TOC, the Court construes the complaint as asserting claims against the TOC, and directs the Clerk of Court to add the TOC as a defendant. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the TOC may wish to assert.

B.     **Service on Papenmeyer and the TOC**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint on Papenmeyer and the TOC until the Court reviewed the complaint and ordered that summonses be issued for Papenmeyer and the TOC. The Court therefore extends the time to serve Papenmeyer and the TOC until 90 days after the date that summonses are issued for those defendants. If the complaint is not served on those defendants within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also*

*Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Papenmeyer and the TOC through the U.S. Marshals Service, the Clerk of Court is instructed to fill out U.S. Marshals Service Process Receipt and Return forms ("USM-285 form") for those defendants. The Clerk of Court is further instructed to issue summonses for Papenmeyer and the TOC, and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon those defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**C.     Sgt. John Doe**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying an unidentified defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the CPD to identify Sgt. John Doe; he is the CPD Police Sergeant who, with Papenmeyer, arrested Plaintiff in May 2018, at a gas station located in West Nyack, New York. It is therefore ordered that the TOC Town Attorney, who is the attorney for and agent of the CPD, must ascertain the identity and badge number of Sgt. John Doe, and the address where Sgt. John Doe may be served. The TOC Town Attorney must provide this information to Plaintiff and the Court within sixty days of the date of this Order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the newly identified defendant. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this Order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an Order directing service on the newly identified defendant.

**CONCLUSION**

The Court directs the Clerk of Court to mail a copy of this Order to Plaintiff, together with an information package.

The Court dismisses Plaintiff's claims against the Clarkstown Police Department and his claims against Papenmeyer and Sgt. John Doe in their official capacities. 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court also directs the Clerk of Court to add the Town of Clarkstown as a defendant. Fed. R. Civ. P. 21.

The Court further directs the Clerk of Court to: (1) issue summonses for Papenmeyer and the Town of Clarkstown; (2) complete USM-285 forms with the service addresses for Papenmeyer and the Town of Clarkstown; and (3) deliver all documents necessary to effect service of summonses and the complaint on Papenmeyer and the Town of Clarkstown to the U.S. Marshals Service.

In addition, the Court directs the Clerk of Court to mail a copy of this Order and the complaint to the Town Attorney of the Town of Clarkstown at 10 Maple Avenue, Room 5013, New City, New York 10956.

An amended civil rights complaint form is attached to this Order.


**[REMAINDER OF PAGE INTENTIONALLY BLANK]**

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   January 14, 2021
         White Plains, New York

_____
PHILIP M. HALPERN
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1.      Police Officer Papenmeyer, Badge No. 508
        Clarkstown Police Department
        20 Maple Avenue
        New City, New York 10956

2.      The Town of Clarkstown
        Office of the Town Attorney
        10 Maple Avenue, Room 5013
        New City, New York 10956

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____
(Include case number if one has been
assigned)

AMENDED

**COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                   Middle Initial              Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                              State                    Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee

☐  Civilly committed detainee

☐  Immigration detainee

☐  Convicted and sentenced prisoner

☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                  Zip Code

Defendant 2:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                  Zip Code

Defendant 3:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                  Zip Code

Defendant 4:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                  Zip Code

## V.     STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | | Plaintiff's Signature |
|---|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

Prison Address

| County, City | State | Zip Code |
|---|---|---|

Date on which I am delivering this complaint to prison authorities for mailing: _____