UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BRANDON GRIFFITH,

                        Plaintiff,

v.

CLARKSTOWN POLICE DEPT., et al.,

                        Defendants.
------------------------------------------------------------X

**ORDER DENYING REQUEST FOR PRO BONO COUNSEL**

20-CV-06505 (PMH)

PHILIP M. HALPERN, United States District Judge:

Plaintiff has filed a letter requesting leave to file an Amended Complaint and for "appointment of counsel." (Doc. 21). The Court construes Plaintiff's letter as a request for the appointment of pro bono counsel and, for the reasons set forth below, denies the application.

## LEGAL STANDARD

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for representation. *Id*. Even if a court does believe that a litigant should have a lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, *see Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994), for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance"—"a requirement that must be taken seriously." *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## DISCUSSION

Plaintiff filed a Request to Proceed *in forma pauperis* (IFP), which the Court granted. (*See* Doc. 7). Plaintiff's request for counsel does not specify whether his financial status has changed. (*See* Doc. 21).

In the Complaint, Plaintiff asserts a claim under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights. (Docs. 2). The Court cannot determine at this point whether Plaintiff's claim is "likely to be of substance." *Hodge*, 802 F.2d 61-62. The Court similarly finds that the other *Hodge* factors weigh against granting Plaintiff's application; indeed, at this

early stage of the proceeding, there is no indication that Plaintiff cannot investigate the crucial facts or present his case, whether cross-examination "will be the major proof presented to the fact finder," that this matter will involve complex legal issues, or any special reason why appointment of counsel would be more likely to lead to a just determination herein. Moreover, Plaintiff has made no showing regarding his efforts to retain counsel. Accordingly, the Court concludes that at this stage of the case, representation would not "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for pro bono counsel is denied without prejudice to a renewed application later in the case. The time for Plaintiff to file an Amended Complaint is, however, extended to September 3, 2021.[1]

The Clerk of the Court is respectfully directed to update Plaintiff's address on the docket to reflect his current incarceration at the Westchester County Jail (Doc. 21) and to mail a copy of this Order to Plaintiff at that address.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO-ORDERED:

Dated: White Plains, New York
       August 12, 2021

_____
Philip M. Halpern
United States District Judge

---

[1] Plaintiff is reminded that claims concerning Harts Island and the Anna M. Kross Center on Rikers Island were severed from this action (Doc. 11) and proceeded before Judge Stanton under No. 21-CV-00386. According to the docket in that case, Judge Stanton dismissed that action on June 7, 2021.